**EX PARTE Justin Eugene BARHAM**

**No. 06-17-00006-CV**

Court of Appeals of Texas, Texarkana.

Date Submitted: June 21, 2017

Date Decided: October 6, 2017

Jeanine C. Hudson, Daniel J. Olds, CRS Legal–Expunction, Austin, TX, Attorneys for Appellant.

Chris Flood, Flood & Flood, Houston, TX, Attorneys for Appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Burgess

Justin Eugene Barham was indicted by a Madison County grand jury on April 5, 2013, for the state-jail-felony-offense of delivery of a controlled substance (methamphetamine) [1] and for official oppression, a class A misdemeanor.[2] He was arrested on those charges the same day. Thirteen months later, on May 30, 2014, the Madison County District Attorney filed an information charging Barham with making a false statement to a peace officer, a class B misdemeanor (the False Statement Charge).[3] The original delivery and official oppression charges remained pending.

On June 2, 2014, and pursuant to a plea agreement, Barham entered a plea of nolo contendere to the False Statement Charge. In accordance with the terms of the plea agreement, the trial court placed Barham on deferred adjudication community supervision for six months and fined him $2,000.00. Barham was also forced to surrender his peace officer's license. After accepting Barham's guilty plea and deferring adjudication on the False Statement Charge, the trial court dismissed the delivery of a controlled substance and official oppression charges. Barham successfully completed his deferred adjudication community supervision. Accordingly, on March 2, 2015, the trial court dismissed the False Statement Charge. On that same day, the trial court entered an order prohibiting disclosure of criminal history record information related to that charge.

Barham subsequently filed a petition for expunction pursuant to Article 55.01 of the Texas Code of Criminal Procedure,[4] asking

---

1. *See* Tex. Health & Safety Code Ann. §§ 481.102(6), 481.112(a) (West 2017).

2. *See* Tex. Penal Code Ann. § 39.03(a)(1), (d) (West 2016).

3. *See* Tex. Penal Code Ann. § 37.08(a)(1), (c) (West 2016).

4. *See* Act of May 27, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275, 2275–76 (amended 2015) (current version at Tex. Code

the trial court to expunge all of the records and files pertaining to the arrest and charges related to the original delivery of a controlled substance and official oppression charges. In his petition, Barham alleged that he had been arrested on April 5, 2013, on the delivery of a controlled substance and official oppression charges, alleged that both of those charges had been dismissed, and prayed for an order expunging the records pertaining to those charges. The Texas Department of Public Safety (TDPS) filed a general denial to Barham's petition and alleged that he was not entitled to expunction because his April 5, 2013, arrest resulted in court-ordered community supervision. At the hearing, Barham did not introduce any testimony or other evidence in support of his petition. The TDPS introduced certified copies of the order prohibiting disclosure of criminal history record information relating to the False Statement Charge, the indictments against Barham charging him with delivery of a controlled substance and official oppression, the information relating to the False Statement Charge, and the trial court's order of deferred adjudication of the False Statement Charge. The record also contains the orders dismissing the delivery of a controlled substance and official oppression charges.

On October 3, 2016, the 12th Judicial District Court of Madison County [5] entered its order expunging the original delivery of a controlled substance and official oppression charges. The TDPS filed this appeal. We agree with the TDPS that the trial court erred in granting Barham's petition for expunction.

## I. Standard of Review

 A trial court's order granting or denying expunction is reviewed under the abuse of discretion standard of review. *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 678 (Tex. App.—Austin 2010, no pet.) (citing *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied)). Under that standard, a trial court errs when it acts "without reference to any guiding rules or principles." *Id.* (quoting *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995)). However, when "an expunction ruling turns on a question of law, we review it de novo because a 'trial court has no "discretion" in determining what the law is or applying the law to the facts.'" *Id.* (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). Consequently, a trial court also errs under the abuse of discretion standard of review when it misinterprets or misapplies the law. *Id.* (citing *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008); *Walker*, 827 S.W.2d at 840).

## II. The Law Governing Petitions for Expunction

Article 55.01 permits expunction of "all records and files relating to the arrest" in specific and limited instances. Act of May 27, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275, 2275 (amended 2015). Generally, subsection (a)(1) allows for expunction after there has been a final

---

CRIM. PROC. art. 55.01 (West Supp. 2016)). The 2015 amendments to Article 55.01 became effective on January 1, 2017. In this opinion, all references to Article 55.01 will be to the statute in effect at the time the expunction order was entered, unless otherwise noted.

5. Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Tenth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

disposition of the charged offense and the defendant prevailed. Thus, a person may obtain expunction of records related to a charged offense where the person is tried and acquitted of the charge or convicted of the charge and subsequently pardoned. *Id.* In addition, subsection (a)(2) generally allows for expunction of records related to charges where the petitioner was released after arrest and the charges against him were never prosecuted.[6] Act of May 27, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275, 2275–76 (amended 2015). Understanding the difference between these two standards is key to understanding whether arrest records may be expunged under subsection (a)(2).

██ In any criminal prosecution, more than one charge may arise out of the facts leading to an arrest, and prosecutors have significant discretion in deciding which charge to pursue. *See Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004) ("Both Texas and federal courts recognize that prosecutors have broad discretion in deciding which cases to prosecute.") (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) ("In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.")). Therefore, the State may decide to prosecute the charge for which the defendant was originally arrested. Or, the State may decide not to pursue the original charge for which the defendant was

arrested, but, instead, file other charges related to the incident leading to the original charge. Or finally, the State may decide not to pursue any charges relating to the incident that resulted in the original arrest.

██ "The expunction statute was created to allow persons wrongfully charged to expunge their arrest records." *Ex parte M.G.*, No. 10-13-00021-CV, 2013 WL 3972225, at *1 (Tex. App.—Waco Aug. 1, 2013, no pet.) (mem. op.) (quoting *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.)). Where a person has been acquitted or convicted but then pardoned, or convicted but then pardoned on the basis of an actual innocence finding, it is presumed that the arrest leading to those charges was wrongful. On the other hand, the fact that the State did not pursue the specific charges for which the petitioner was originally arrested does not—by itself—demonstrate that the original charges were wrongful. In that instance, additional information must be provided to demonstrate that the original charges were wrongful before a petitioner may obtain expunction under subsection (a)(2).

██ Accordingly, subsection (a)(2) creates a general rule of expunction for records related to an arrest for charges which were never pursued. Yet, because other charges related to that arrest may have been filed in place of the original charge, subsection (a)(2)(A) creates an exception for subsequent charges which are related to the original arrest to subsection (a)(2)'s

---

**6.** Subsection (a)(2)(A)(ii) also allows for expunction where the subsequent indictment or information is quashed (1) "because the person completed a pretrial intervention program," (2) because the presentment resulted from "mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe

the person committed the offense, or [3] because the indictment or information was void." Act of May 27, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275, 2276 (amended 2015). And, subsection (a)(2)(B) allows for expunction where prosecution is no longer possible due to the expiration of the statute of limitations. *Id.*

general rule of expunction.[7] Therefore, a petitioner seeking relief under subsection (a)(2) must prove both (1) that his arrest falls within the general rule of expunction under subsection (a)(2), and (2) that he was not subsequently charged with any other offense that falls within the exception in subsection (a)(2)(A). Where no subsequent charges were filed after the date of the original arrest, the petitioner need only prove entitlement to expunction under subsection (a)(2) and that no additional charges of any kind were filed within the specific time periods.[8] Where a subsequent charge has been filed, however, a petitioner must prove that the subsequent charge was not of a type which would disqualify him from expunction under subsection (a)(2)(A).

As applicable to this case, Article 55.01 provided,:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, . . . provided that:

(A) **regardless of** whether any statute of limitations exists for the offense and **whether any limitations period for the offense has expired, an** indictment or **information charging the person with the commission of a misdemeanor offense based on the person's arrest** or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i) has not been presented against the person at any time following the arrest, and

. . . .

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void. . . .

Act of May 27, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275, 2275–76 (amended 2015) (redlined text and italicization omitted) (emphasis added).

---

7. Essentially, subsection (a)(2)'s general rule focuses on the disposition of the original charges; subsection (a)(2)(A) focuses on the disposition of any subsequent charges.

8. Where the original charge was a class C misdemeanor, the petitioner must show that no charges were filed within 180 days after the date of the original arrest. Act of May 27, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275, 2275–76 (amended 2015). Where the original charge was a class B or class A misdemeanor, the petitioner must show that no charges have been filed within one year after the original arrest. *Id.* Where the original charge was a felony, the petitioner must show that no charges have been filed within three years after the date of the original arrest. *Id.* Alternatively, the petitioner may show that the State's attorney certified that the records related to the original offense were not necessary to any other case or investigation. *Id.*

Because "[t]he right to expunction is neither a constitutional nor common-law right, but rather a statutory privilege[,] ... the burden of proving compliance with the statute rests solely with the petitioner." *Thomas v. State*, 916 S.W.2d 540, 543 (Tex. App.—Waco 1995, no writ). To be entitled to expunction, it is the petitioner's burden to establish that all statutory requirements have been satisfied. *M.G.*, 2013 WL 3972225, at *1 (citing *Williams*, 76 S.W.3d at 650). Strict compliance with the statutory procedures is required, and the trial court commits reversible error if it fails to comply. *Id.* (citing *Ex parte Stiles*, 958 S.W.2d 414, 418 (Tex. App.—Waco 1997, pet. denied)).

Here, Barham was charged by information with making a false statement to a peace officer and received deferred adjudication with court-ordered supervision on that charge. He was subsequently released from the original delivery of a controlled substance and official oppression charges. Consequently, to obtain relief under the facts of this case, Barham was required to prove (1)(a) that he was released from the original delivery of a controlled substance and official oppression charges, (b) that those charges did not result in a final conviction and were no longer pending, and (c) that there was no court-ordered community supervision for those charges

and (2) that his subsequent deferred adjudication for making a false statement to a peace officer was not "based upon [his original] arrest." [9]

## III. Analysis
### A. Introduction

In its sole issue on appeal, the TDPS argues, based on the trial court's amended findings, that the trial court erred in granting Barham's petition for expunction because Barham failed to prove that he met the statutory requirements. Specifically, the TDPS argues that Article 55.01 is an arrest-based statute and that it does not allow the expunction of individual offenses arising out of the same arrest, but rather is only available if none of the offenses related to the arrest resulted in a final conviction, none of the charges are currently pending, and there was no court-ordered community supervision for any of the offenses. In support of this argument, the TDPS notes that under an older version of Article 55.01, the Waco Court of Appeals held that Article 55.01 was an arrest-based statute. *See Ex parte M.R.L.*, No. 10-11-00275-CV, 2012 WL 763139, at *3 (Tex. App.—Waco Mar. 7, 2012, pet. denied) (mem. op.). Because we find that Barham was not entitled to expunction on another basis, we do not consider the continued viability of *M.R.L.*[10]

---

9. Since Barham was charged by information with a misdemeanor and the information was neither dismissed nor quashed as required by subsection (a)(2)(A)(ii), he had to show that the misdemeanor was not based on his original arrest in order to obtain expunction. However, because the false statement charge was a class B misdemeanor, Barham did not have to show that the charge "did not arise out of the same transaction for which [he] was arrested." Act of May 27, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275, 2276 (amended 2015).

10. In *M.R.L.*, the Waco Court of Appeals held that the trial court erred in expunging

M.R.L.'s arrest for driving while intoxicated when she received deferred adjudication community supervision for racing in a motor vehicle with an open container of alcohol in the vehicle. *M.R.L.*, 2012 WL 763139, at *1. However, the version of Article 55.01 controlling in *M.R.L.* provided that, to be entitled to expunction, the petitioner had to show that "the person [had] been released and the charge, if any, [had] not resulted in a final conviction and [was] no longer pending and there was no court ordered community supervision under Article 42.12 *for any offense*, other than a Class C misdemeanor." *See* Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 17(b), 2009

## B. The Trial Court's Findings of Fact Do Not Support Barham's Petition for Expunction

 Initially, and as noted above, Barham had the burden to prove both his entitlement to relief under subsection (a)(2)'s general rule of expunction and that he did not have any disqualifying charges under subsection (a)(2)(A). The trial court made findings of fact and conclusions of law, but it did not make any finding that the False Statement Charge was not "based on" his prior arrest for delivery of a controlled substance and official oppression, or an equivalent finding, as is required by subsection (a)(2)(A). In the absence of such a finding, the trial court lacked a basis for its conclusion that Barham was entitled to expunction.

 Ordinarily, even if a trial court omits a finding of fact, we will find that the trial court implicitly found the facts necessary to support its ruling so long as there is legally and factually sufficient evidence in the record to support the omitted finding. *See* Tex. R. Civ. P. 299.[11] Yet, as the Houston Fourteenth Court of Appeals has noted,

> When a court makes findings of fact, but inadvertently omits an essential element of a ground of recovery or defense, the presumption of validity will supply the omitted element by implication. However, if the record demonstrates the trial judge deliberately omitted the element, the presumption is refuted and the element cannot logically be supplied by implication.

*Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

In this case, not only did the trial court omit the requisite finding, it actually made a contrary finding. Specifically, in its amended findings of fact,[12] the trial court

Tex. Gen. Laws 3010, 3020 (amended 2011, 2015) (current version at Tex. Code Crim. Proc. art. 55.01 (West Supp. 2016)) (emphasis added). As the Waco Court noted, this section was "substantially reworded to address and clarify" whether the court ordered community supervision applied to any offense or only to the offense for which the person was arrested under the 2011 amendments to Article 55.01. *See M.R.L.*, 2012 WL 763139, at *3 n.1. Since *M.R.L.* was decided, the Dallas Court of Appeals considered the 2011 amendments and held that the statute now links the arrest to individual offenses. *State v. T.S.N.*, 523 S.W.3d 171, 175–76 (Tex. App.—Dallas 2017, pet. filed). Notably, the comparable provision regarding court-ordered community supervision under the 2011 amendments was changed from applying to *any offense*, to only applying to court-ordered community supervision for *the offense*. *See* Act of May 27, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275, 2275–76 (amended 2015). The Waco Court has not had an opportunity to consider the effect of the 2011 amendments on its holding in *M.R.L.* Consequently, whether the Waco Court would continue to hold that Article 55.01 is an arrest-based statute is uncertain. Because this is a transfer case, we are bound to apply the precedent of the Waco Court on any determinative issue. Yet, because we find that Barham was not entitled to expunction on another basis, we need not decide this issue.

11. Rule 299 states,

> When findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment.

Tex. R. Civ. P. 299.

12. At Barham's request, the trial court entered original findings of fact and conclusions of law. As pertinent to this appeal, the trial court found

found that "Barham was arrested on April 5, 2013, and charged by indictment with delivery of a controlled substance and official oppression" and that he "was not arrested on a separate date for the [False Statement Charge]; [but] that charge arose out of his arrest on April 5, 2013.".[13] Having found that the False Statement

2. On or about April 5, 2013, Petitioner surrendered to the Madison County Sheriff's Department and immediately posted bail for the felony offenses of Delivery of a Controlled Substance, penalty group 1: Methamphetamine, charged in Cause Number 13-11894-012-12, and Official Oppression, charged in Cause Number 13-11896-012-15, both in the 12th District Court of Madison County, Texas. The alleged date of offense for the Delivery of a Controlled Substance was August 26, 2011, and the alleged date of offense for the Official Oppression was November 9, 2011.

3. On June 2, 2014, Petitioner surrendered directly to the 12th District Court of Madison County, Texas, on allegations alleged in an information accusing Petitioner of making a false statement to a peace officer, in violation of Section 37.08 of the Texas Penal Code by [sic]. The alleged date of that offense was November 17, 2011. On the same date, Petitioner entered a plea of nolo contendere to the alleged offense and this Court placed Petitioner on deferred adjudication community supervision for a period of six months.

. . . .

9. Pursuant to Article 55.01 of the Texas Code of Criminal Procedure, Petitioner is entitled to have all records and files relating to the arrest that occurred on or about April 5, 2013, for the offenses of Delivery of a Controlled Substance and Official Oppression because Petitioner was released and the charges did not result in a final conviction, are no longer pending, and there was no court-ordered community supervision under Article 42.12 of the Texas Code of Criminal Procedure for the offenses.

On October 20, 2016, the TDPS filed its request for findings of fact and conclusions of law, which we construe to be a request for amended or additional findings of fact and conclusions of law. On November 16, 2016, the trial court entered additional and amended findings of fact and conclusions of law (hereinafter, "amended findings" or "amended conclusions") as follows:

[T]he Court makes the following FINDINGS OF FACT:

1. Justin Eugene Barham was arrested on April 5, 2013, and charged by indictment with delivery of a controlled substance and official oppression.

2. Pursuant to a plea agreement, the charges of delivery of a controlled substance and official oppression were dismissed, and Barham was instead charged by information with false statement to a peace officer.

3. Barham pleaded no contest to the charge of false statement to a peace officer and was sentenced to a term of deferred adjudication community supervision for six months, which he served, as well as a $200.00 fine.

4. Barham was not arrested on a separate date for the offense of false statement to a peace officer; that charge arose out of his arrest on April 5, 2013.

5. The charge of false statement to a peace officer did not arise out of the same transaction as the charges of delivery of a controlled substance and official oppression.

Accordingly, the Court makes the following CONCLUSIONS OF LAW:

1. Barham is entitled to expunge the charges of delivery of a controlled substance and official oppression under Texas Code of Criminal Procedure Article 55.01(a)(2)(B) because the charges were dismissed, the statute of limitations has run for both charges, and he did not serve a term of community supervision for a charge arising out of the same transaction.

13. The language in the trial court's finding "arose out of his arrest" is not exactly the same as the statutory language "based on the person's arrest." We see no practical distinction between the two phrases. Nevertheless, to the extent the finding is not the same as the statutory requirement, we would reiterate that it was Barham's burden to prove that the False Statement Charge was not "based on [his original] arrest," and not the TDPS's bur-

Charge arose out of the April 5, 2013, arrest, it is clear that the trial court deliberately did not find the opposite, i.e., that the False Statement Charge *did not* arise out of the April 5, 2013, arrest. In the absence of a finding that the False Statement Charge *did not* arise out of the April 5, 2013, arrest, Barham failed to prove an essential element of his claim—that the False Statement Charge was not based on his original arrest for delivery of a controlled substance and official oppression. Therefore, the trial court's conclusion of law that Barham was entitled to expunction under Article 55.01 was error.[14]

Moreover, the actual finding that the trial court did make compels the conclusion that Barham was not entitled to expunction. Barham's False Statement Charge was a class B misdemeanor, and subsection (a)(2)(A)(ii) says that an intervening "indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest" that has not be dismissed or quashed disqualifies a petitioner from ob-

taining expunction of the original charge. Act of May 27, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275, 2276 (amended 2015). As noted, the trial court found that the False Statement Charge arose out of his arrest for delivery of a controlled substance and official oppression. Therefore, on the basis of that finding alone, the trial court erred in granting Barham's petition for expunction.[15]

## C. The Amended Findings Should Not Be Disregarded, and Even if they Were, it Would Not Change the Result

█ Yet, Barham asserts that we should disregard this finding and affirm the trial court's order granting expunction because the finding was untimely. He also contends that this finding is unsupported by the evidence, which we construe as a challenge to the legal and factual sufficiency of the evidence supporting this finding. While we disagree with Barham that we should disregard the trial court's amended findings,[16] and while we do not find that the evidence is legally or factually insuffi-

---

den to prove that it was. We discuss this point in more detail below.

14. Essentially, a petitioner seeking relief under subsection (a)(2) has the burden to prove a negative fact, i.e., that any subsequent indictment or information was not based on his original arrest. If the petitioner fails to prove this negative, then his petition should be denied regardless of whether the state presents any evidence.

15. The trial court also found that "the charge of false statement to a peace officer did not arise out of the same transaction as the charges of delivery of a controlled substance and official oppression." Yet, that is the standard applicable to an intervening "indictment or information charging the person with the commission of ... any felony offense...." Act of May 27, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275, 2276 (amended 2015). Because Barham's intervening charge was a class B misdemeanor, this finding is irrelevant.

16. Rule 298 requires that any request for additional or amended findings of fact and conclusions of law must be made within ten days after the trial court files its original findings and conclusions. Tex. R. Civ. P. 298. The trial court filed its original findings of fact and conclusions of law on October 3, 2016, making the request for amended findings and conclusions due October 10, 2016. The TDPS filed its request for amended findings and conclusions on October 20, 2016. Assuming, without deciding, that the TDPS's request was untimely, the trial court was not required to consider its request. *See Cont'l Trailways, Inc. v. McCandless,* 450 S.W.2d 707, 711 (Tex. Civ. App.—Austin 1969, no writ).

However, nothing in the Texas Rules of Civil Procedure prevents the trial court from issuing late findings and conclusions. *In re A.C.S.,* 157 S.W.3d 9, 14 (Tex. App.—Waco 2004, no pet.); *Robles v. Robles,* 965 S.W.2d 605, 610 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (citing *Jefferson Cty. Drainage Dist. v. Lower Neches Valley Auth.,* 876

cient to support the finding,[17] even if we disregarded the finding or found that the evidence did not support it, the result would not change. Disregarding the amended finding as untimely may render it ineffective, but it would not negate its existence as evidence that the trial court intended to omit the requisite finding necessary to obtain the relief requested.

■ Finally, Barham argues that there is a conflict between the original findings and the amended findings and requests that we remand this case to the trial court to resolve the conflict. Notably, in its original findings, the trial court found that, on April 5, 2013, Barham "surrendered to the Madison County Sheriff's Department" on the delivery of a controlled substance and official oppression charges and that, on June 2, 2014, Barham "surrendered directly to the 12th District Court of Madison County, Texas," on the False Statement Charge. In its amended findings, the trial court found that "Barham was arrested on April 5, 2013, and charged by indictment with delivery of a controlled substance and official oppression" and that he "was not arrested on a separate date for the [False Statement Charge]; that charge arose out of his arrest on April 5, 2013." To the extent the trial court's amended findings conflict with its original findings, the amended findings control. *In re C.T.H.S.*,

311 S.W.3d 204, 206 n.1 (Tex. App.—Beaumont 2010, pet. denied); *Nw. Dodge, Inc. v. Woody*, No. 01-02-00669-CV, 2003 WL 1848689, at *1 (Tex. App.—Houston [1st Dist.] Apr. 10, 2003, pet. denied) (mem. op.). Therefore, the trial court's finding that the False Statement Charge arose out of Barham's April 5, 2013, arrest is controlling.

## IV. Conclusion

Barham had the burden to prove both his entitlement to relief under the general rule of expunction in subsection (a)(2) and that he did not have any disqualifying charges under subsection (a)(2)(A). Not only did the trial court fail to find that he, Barham, did not have any disqualifying charges under subsection (a)(2)(A), the trial court specifically found that the false arrest charge arose out of the arrest for the delivery of a controlled substance and official oppression. On the basis of this finding, Barham was disqualified from obtaining expunction under Article 55.01(a)(2)(A). Consequently, and for the reasons herein, we reverse the trial court's expunction order and render an order denying Barham's petition for expunction.

S.W.2d 940, 959–60 (Tex. App.—Beaumont 1994, writ denied); *Morrison v. Morrison*, 713 S.W.2d 377, 380 (Tex. App.—Dallas 1986, writ dism'd)). When the trial court files untimely findings and conclusions, a party has no remedy, unless he can show either (1) that her was unable to request additional findings or (2) that he was prevented from properly presenting his appeal. *Robles*, 965 S.W.2d at 610 (citing *Jefferson Cty.*, 876 S.W.2d at 960; *Morrison*, 713 S.W.2d at 381). Since Barham does not claim that he was unable to request additional findings or that he has been prevented from properly presenting his appeal, we will give the amended findings and con-

clusions due consideration. *A.C.S.*, 157 S.W.3d at 15.

17. As previously noted, the only evidence offered at trial regarding the date of Barham's arrest for the False Statement Charge, or whether it arose out of his April 5, 2003, arrest, was the order prohibiting disclosure of criminal history record information previously entered by the trial court. In that order, the trial court found that the date of arrest for the False Statement Charge was April 5, 2003. We find that this is legally and factually sufficient evidence to support the trial court's finding that the False Statement Charge arose out of Barham's April 5, 2013, arrest.