

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00440-CV

**EX PARTE** Peter **BURTON**

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CI09461
Honorable Renée A. Yanta, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed: December 19, 2018

AFFIRMED

Appellant Peter Burton appeals the trial court's denial of his petition for expunction of records filed on June 6, 2016, in Bexar County cause number 2016-CI-09461. Burton's petition addressed seven Bexar County cause numbers: 1988CR1233, 1988CR5829, 424045, 429011, 1989CR4817, 1989CR3745, and 1990CR0765A. The trial court granted Burton's petition for expunction in cause numbers 1988CR1233 and 1988CR5829; the trial court further ordered "all requests for expunction not specifically granted in this ORDER are DENIED."

Because Burton failed to prove he was entitled to the requested expunctions, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     Burton's Petition

On June 6, 2016, Burton filed his Petition setting forth seven cause numbers, six different arrest dates, and seven offenses.

| | | |
|---|---|---|
| 1988CR1233 | 11/18/1988 | Unauthorized Use/Motor Vehicle |
| 1988CR5829 | 12/14/1988 | Aggravated Robbery/Deadly Weapon |
| 424045 | 12/16/1988 | Evading Arrest |
| 429011 | 02/20/1989 | Evading Arrest |
| 1989CR4817 | 06/29/1989 | Possession of Cocaine/under 28 grams |
| 1989CR3745 | 06/29/1989 | Possession of Prohibited Firearm |
| 1990CR0765A | 02/15/1990 | Unauthorized Use/Motor Vehicle |

On July 14, 2016, the Bexar County District Attorney's Office filed an original answer denying each allegation and demanding Burton provide proof of his entitlement to the requested expunctions.

### B.     The Appellate Record

The record before this court includes several certified copies of various motions and orders pertaining to Burton.

In cause number 1988CR5829, the motion to dismiss filed on March 14, 1989, indicates the court found there was insufficient evidence to proceed against Burton. "Continued investigation of surrounding circumstances of this offense indicates insufficient corroboration [in light of his co-defendant's conviction] to support conviction."

On August 8, 1988, the trial court's order dismissing cause number 1988CR1233, affirms the charges were dismissed because "the evidence at this time is insufficient to bring the charge against the defendant."

On December 12, 1990, the trial court signed an order dismissing cause numbers 429011 and 424045 based on Burton already being "sentenced to two consecutive life sentences."

Finally, in cause numbers 1990CR0765A, 1989CR4817, and 1989CR3745, the record indicates the trial court dismissed all three charges, on December 26, 1990, based on sentences pronounced in other cases. All three motions to dismiss read as follows:

Defendant has four other convictions:

| | |
|---|---|
| Poss. Cocaine (MTR) | 10 yrs |
| Robb. Bodily Injury | 12 years |
| Agg. Robb W DW | 35 years |
| Agg Robb WDW | Life (stacked) |

## C.     The Hearing

On June 15, 2017, both parties appeared before the trial court.[1] The State announced its agreement to Burton's first two requested expunctions: (1) cause number 1988CR1233, unauthorized use of a motor vehicle, alleged to have occurred on November 18, 1988; and (2) cause number 1988CR5829, aggravated robbery with a deadly weapon, alleged to have occurred on December 14, 1988. The trial court granted the expunction in each cause.

With regard to the next four cause numbers, the State raised the same complaint. In cause numbers 429001 and 424045, Burton was charged with evading arrests, alleged to have been committed on December 16, 1988, and February 20, 1989, respectively; and cause numbers 1989CR4817 and 1989CR3745, Burton was charged with possession of cocaine and a prohibited firearm, both alleged to have been committed on June 29, 1989. On each motion to dismiss and order signed by the trial court, the case was dismissed because Burton was convicted in different cases. The State argued these charges were dismissed because Burton was found guilty in other charges and Burton was therefore not entitled to an expunction.

---

[1] Burton, appearing pro se, appeared telephonically from the Coffield Unit of the Institutional Division of the Texas Department of Criminal Justice.

On the last cause, cause number 1990CR0765A, Burton attached an order to the Sheriff of Bexar County which supports the case was dismissed pursuant to order of the trial court. It was signed on December 26, 1990. Although Burton contends this cause number corresponds with an unauthorized use of a motor vehicle charge, alleged to have been committed on February 15, 1990, the State asserted it was not in possession of any charges matching the information provided by Burton. As such, Burton failed to prove his entitlement to an expunction on the charge.

The trial court denied Burton's requested expunctions as to the remaining charges set forth in his petition for expunction and this appeal ensued.

### PETITION FOR EXPUNCTION

**A.    Standard of Review**

An appellate court reviews a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). However, "[t]o the extent a ruling on expunction turns on a question of law, we review the ruling de novo because '[a] trial court has no "discretion" in determining what the law is or applying the law to the facts.'" *Id*. (second alteration in original) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). Statutory construction is a question of law. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008); *City of San Antonio v. Caruso*, 350 S.W.3d 247, 250 (Tex. App.—San Antonio 2011, pet. denied).

When construing statutory language, our primary objective is to "ascertain and give effect to the Legislature's intent." *Caruso*, 350 S.W.3d at 250; *accord Hughes*, 246 S.W.3d at 625. "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." TEX. GOV'T CODE ANN. § 311.011(b); *see Hughes*, 246 S.W.3d at 625. "Otherwise, we construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless

such a construction leads to absurd results." *Hughes*, 246 S.W.3d at 625–26 (citations omitted); *accord Caruso*, 350 S.W.3d at 250. In construing the statutory language, we read the statute as a whole and interpret it so as to give effect to every part, and we presume the legislature intended a just and reasonable result. *See* TEX. GOV'T CODE ANN. § 311.021; *Caruso*, 350 S.W.3d at 250.

Although provided for in the Texas Code of Criminal Procedure, "[a]n expunction proceeding is civil rather than criminal in nature." *Green*, 373 S.W.3d at 113 (citing *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). "The petitioner therefore carries the burden of proving that all statutory requirements have been satisfied." *J.H.J.*, 274 S.W.3d at 806. A petitioner cannot meet his burden of proving compliance with all statutory requirements for expunction of criminal records with mere allegations in a verified pleading. *Ex parte K.R.K.*, 446 S.W.3d 540, 544 (Tex. App.—San Antonio 2014, no pet.) (noting that "allegations in a petition seeking expunction are not evidence"). Further, a petitioner is not entitled to expunction simply because the State did not pursue the specific charges for which the petitioner was originally arrested. *Ex parte Barham*, 534 S.W.3d 547, 551 (Tex. App.—Texarkana 2017, no pet.). That fact, without more, does not demonstrate that the original charges were wrongful. *Id.* In such circumstances, additional information must be provided to demonstrate that the original charges were wrongful before a petitioner may obtain expunction under subsection (a)(2) of article 55.01. *Id.*

## B.  Texas Code of Criminal Procedure Article 55.01

Expunction is a statutory privilege, not a constitutional or common-law right; therefore, the petitioner is not entitled to the expunction remedy unless he meets all the requirements set forth in article 55.01. *See Green*, 373 S.W.3d at 113; *T.C.R. v. Bell Cnty. Dist. Attorney's Office*, 305 S.W.3d 661, 663 (Tex. App.—Austin 2009, no pet.); *J.H.J.*, 274 S.W.3d at 806. Each statutory provision is mandatory and a petitioner is entitled to expunction only upon a showing that each

and every statutory condition has been met. *J.H.J.*, 274 S.W.3d at 806. "The trial court must strictly comply with the statutory requirements, and it has no equitable power to expand the remedy's availability beyond what the legislature has provided." *T.C.R.*, 305 S.W.3d at 663; *accord J.H.J.*, 274 S.W.3d at 806. Conversely, if the petitioner fully complies with article 55.01(a), the court must grant the expunction petition. *T.C.R.*, 305 S.W.3d at 664.

Section 55.01 of the Texas Code of Criminal Procedure sets forth the requirements and procedures to expunge an individual's criminal record. *See* Tex. Code Crim. Proc. Ann. § 55.01. Burton alleged in his petition that he was entitled to expunctions on each charge because "the indictment was dismissed or quashed;" "Petitioner has been released from the charge(s);" and "[t]he Limitations period of the charge(s) expired before the date on which [this] petition for expunction was filed." *See id*. § 55.01(a)(2).

## C.     Burton's Petition for Expunction

We remain mindful that allegations in a petition seeking expunction are not evidence. *Ex parte Guajardo*, 70 S.W.3d 202, 206 (Tex. App.—San Antonio 2001, no pet.). Burton bore the "burden of proving that all of the statutory requirements were satisfied." *Green*, 373 S.W.3d at 113 (citing *State v. Knight*, 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ)); *J.H.J.*, 274 S.W.3d at 806. In other words, Burton "was required to provide some evidence in addition to his verified pleading in order to carry his burden of proof." *Cf. S.P.S. v. State*, No. 03–09–00151–CV, 2010 WL 668884, at *1 (Tex. App.–Austin Feb. 26, 2010, no pet.) (mem. op.) (holding defendant's testimony was some evidence); *accord Ex parte K.R.K.*, No. 04–13–00470–CV, 2014 WL 4257901, at *3 (Tex. App.–San Antonio Aug. 29, 2014, no pet.). The record contains a copy of the dismissal in each case. It does not contain a copy of the indictment, the judgment, a document indicating the charges were dismissed for insufficient evidence, or any additional evidence supporting Burton's requested expunctions.

During the hearing, the State questioned whether the charges to which Burton plead guilty were in fact from the same incidents to which he was seeking expunction. Each of the dismissals indicated the cases were dismissed because Burton was convicted in another case, but none of the dismissals provide dates for the charged offense being dismissed or the offense for which Burton was charged and sentenced. Burton did not offer any evidence in response to the state's argument.

We have previously held that subsection (a)(2) is arrest-based and that a person seeking expunction must meet the requirements of article 55.01(a)(2) for all charges arising from the same arrest. *Tex. Dep't of Public Safety v. Dicken*, 415 S.W.3d 476, 480 (Tex. App.—San Antonio 2013, no pet.) ("The statute does not address or make allowances for expunction of individual offenses stemming from an arrest."); *see also S.J. v. State*, 438 S.W.3d 838, 845–46 (Tex. App.—Fort Worth 2014, no pet.) (barring expunction in the case of a single charge arising from a multi-charge arrest); *State v. N.R.J.*, 453 S.W.3d 76, 78 (Tex. App.—Fort Worth 2014, pet. denied). In *S.J.*, the court construed article 55.01(a)(2) to preclude expunction when it is apparent that the dismissed and pleaded-to charges relate to a single instance of criminal conduct. 438 S.W.3d at 846.

We conclude that in cause numbers 429001, 424045, 1989CR4817, and 1989CR3745, Burton failed to present any evidence to counter the State's argument that the dismissals and pleaded-to charges related to a single instance of criminal conduct. *Id*. Accordingly, on this record, Burton failed to establish his entitlement to an expunction and we affirm the trial court's order on each of these causes.

In cause number 1990CR0765A, the State objected because although Burton attached an order to the Sheriff of Bexar County purporting to dismiss charges against Burton for an unauthorized use of a vehicle, with an offense date of February 15, 1990, the State "could not find any charge that matched that [alleged offense]." Because Burton failed to offer any evidence

relating to cause number 1990CR0765A, in addition to the document attached to the petition, we affirm the trial court's order as to this cause number. *See K.R.K.*, 446 S.W.3d at 544 (reiterating allegations in the expunction petition are not evidence).

## CONCLUSION

Because the record does not support Burton's assertion that he was entitled to expunction on the remaining charges in the petition, we affirm the trial court's order in all respects. *See K.R.K.*, 446 S.W.3d at 544; *S.J.*, 438 S.W.3d at 846; *Dicken*, 415 S.W.3d at 480.

Patricia O. Alvarez, Justice