Court of Appeals
Fourth Court of Appeals District of Texas




## OPINION

No. 04-10-00894-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

James **CARUSO**, Jason Cosby, Chris Jackson, Janis Vogt, Rogelio Tamez, Stanton Guenther, James Rea, Michael Ploch, Melisse Turner, Mark Diamond, Ray Bylen, George Wood, Jose Ledesma, Daniel Martinez, Travis Thornton, Edward Torres, John Chavez, Collis Boone, Allan Nussbaum, Eddie Shear, Joel Urdiales, Carlos Madero, Jarrard Secrest, Carlos Garcia, Gregory Galloway, LaSonya Madison, David Reed, Robert Hughes, Robert Salazar, Andrew Lopez, Jose Montes, Jackie Nelson, and San Antonio Airport Police Officers Association,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-12409
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   June 15, 2011

AFFIRMED

This is an interlocutory appeal arising out of a suit for back pay and monetary benefits brought by the San Antonio Airport Police Officers Association and thirty-two airport police officers ("Appellees"). The City of San Antonio appeals the partial denial of its plea to the jurisdiction. We affirm the trial court's judgment.

## BACKGROUND

Appellees sued the City claiming they were required to work extra hours because they were "on call" during their lunch and break times, but were not paid overtime. Appellees alleged violations of section 142.0015(f) of the Texas Local Government Code and sought recovery of overtime pay pursuant to the statute and for quantum meruit. Appellees also sought a declaratory judgment that the City was violating chapter 142 of the Texas Local Government Code.

The City filed a plea to the jurisdiction and asserted the appellees could not "offer any pleading to support waiver of immunity because there is no clear and unambiguous legislative waiver of sovereign immunity for the alleged causes of action." The appellees argued in the trial court the City's immunity was waived by section 180.006 of the Texas Local Government Code for any claim arising under chapters 141, 142, or 143 of the Texas Local Government Code. The trial court granted the plea on appellees' quantum meruit and declaratory judgment claims, but denied the plea as to appellees' suit for back pay under section 142.0015(f).[1]

## DISCUSSION
### Standard of Review

A plea to the jurisdiction is a challenge to a court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court possesses jurisdiction is a question of law we review de novo. *City of Houston v. Williams*, No. 09-0770, 2011 WL 923980, at *3 (Tex. Mar. 18, 2011); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). When a plea to the jurisdiction challenges the sufficiency of the pleadings, we determine whether the plaintiff met its burden by pleading facts affirmatively demonstrating the trial court's subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226. We

---

[1] All further references to specific chapters or section numbers are to the Local Government Code unless otherwise noted.

construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. *Id.* The governmental entity must show that an incurable jurisdictional defect, which appears on the face of the pleadings renders it impossible for the plaintiff to amend and confer jurisdiction on the trial court. *City of Mont Belvieu v. Enter. Prod. Operating, LP*, 222 S.W.3d 515, 518 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Mulvey v. Mobil Producing Tex. & N.M., Inc.*, 147 S.W.3d 594, 600 (Tex. App.—Corpus Christi 2004, pet. denied); *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.).

## Sovereign Immunity

"'Sovereign immunity protects the State from lawsuits for money damages.'" *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006)(quoting *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex. 2002). This immunity, referred to as governmental immunity, is extended to cities unless it has been waived by the Legislature. *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007). The "Legislature has mandated that no statute should be construed to waive immunity absent 'clear and unambiguous language.'" *Id.; See* TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2010)("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."); *see also Tooke v. City of Mexia*, 197 S.W.3d 325, 370 (Tex. 2006). As a general rule, ambiguity as to waiver is resolved in favor of retaining immunity. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 844 (Tex. 2009).

## Texas Local Government Code Section 180.006

Appellees contend section 180.006 expressly waives immunity for suits claiming violations of the police and fire pay provisions in chapters 141, 142, or 143. The City contends section 180.006 creates a limited waiver of immunity only as to claims for monetary benefits

brought pursuant to those provisions of chapters 141, 142, and 143 that specifically authorize a right to recover back pay.

Statutory construction is a question of law. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). We construe statutory language to ascertain and give effect to the Legislature's intent. *Id*. "[W]e construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." *Id.* at 625-26 (citations omitted). Every word included in a statute must be presumed to have been used for a purpose and every word excluded for a purpose. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex.1995); *Cameron v. Terrell and Garrett, Inc*., 618 S.W.2d 535, 540 (Tex. 1981). The statute must be read as a whole and we interpret it to give effect to every part. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25-26 (Tex. 2003). We may also consider legislative history in construing a statute whether or not it is ambiguous. TEX. GOV'T CODE ANN. § 311.023(3)(West 2005). With these principles in mind, we turn to the statute to determine whether the Legislature waived immunity for the appellees' suit for back pay under section 142.0015(f).

Section 180.006 provides in pertinent part:

(a) This section applies only to a firefighter or police officer covered by:

   (1) Chapter 141, 142, or 143 or this chapter;

    . . .

(b) A firefighter or police officer described by Subsection (a) who alleges the employing municipality's denial of monetary benefits associated with the recovery of back pay authorized under a provision listed in Subsection (a) . . . may seek judicial review of such denial only as provided in Subsections (e) and (f), provided that if there is no applicable grievance, administrative or contractual appeal procedure available under Subsection (e), the firefighter or police officer may file suit against the employing municipality directly in district court under the preponderance of the evidence standard of review.

(c) Sovereign and governmental immunity of the employing municipality from suit and liability is waived only to the extent of liability for the monetary benefits or monetary civil penalties described by Subsection (b).

TEX. LOC. GOV'T CODE ANN. § 180.006 (West 2008). The City agrees section 180.006 is an express waiver of immunity for some claims, but contends it waives immunity only for claims arising under provisions of chapters 141, 142, and 143 that specifically "authorize recovery of back pay." Because there is no mention of "back pay" in section 142.0015, nor any express authorization to recover such back pay, the City contends there is no waiver of immunity for the recovery of overtime not paid by the City.

Neither party has cited any case that has construed section 180.006. Reading the words and phrases in context and according to rules of grammar, we understand the statute to waive immunity for claims to recover *monetary benefits that are authorized* by a provision of chapter 141, 142, or 143. Appellees here are seeking monetary benefits expressly authorized by section 142.0015(f). Section 180.006(b) does not require an express provision authorizing the recovery of back pay.

Our interpretation is consistent with the legislative history of section 180.006, which was introduced as House Bill 1473. The Urban Affairs Committee report states "[t]he purpose of the proposed complete committee substitute for House Bill No. 1473 is to make clear that sovereign or governmental immunity does not bar suit by fire fighters and/or police officers to recover pay and benefits required by certain statutes, charter provisions and ordinances." House Comm. on Urban Affairs, Bill Analysis (substituted), Tex. H.B. 1473, 80th Leg., R.S. (2007). The report went on to state section 180.006 "grants fire fighters and police officers authority to sue for monetary benefits, including back pay, under the provisions of the committee substitute." *Id*. The Jurisprudence Committee report states "C.S.H.B. 1473 waives a political subdivision's sovereign

immunity for claims arising from an employee alleging violation of a state statute or local ordinance affecting employment rights or benefits." Senate Comm. on Jurisprudence, Bill Analysis (substituted), Tex. H.B. 1473, 80th Leg., R.S. (2007).

By enacting section 180.006, the Legislature waived immunity for suits for monetary benefits fire fighters and police officers are entitled to receive under provisions of chapters 141, 142, and 143. The appellees affirmatively pled facts demonstrating the trial court's subject matter jurisdiction. The trial court order denying the City's plea to the jurisdiction on the appellees' back pay claim under section 142.0015(f) of the Texas Local Government Code is affirmed.

Steven C Hilbig, Justice