

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-13-00099-CV, 04-13-00100-CV,
and 04-13-00101-CV

**EX PARTE** Sean C. **MCNAMARA**

From the 198th Judicial District Court, Kerr County, Texas
Trial Court Nos. 121073B, 121074B, and 121075B
Honorable Rex Emerson, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: March 26, 2014

AFFIRMED

Appellant Sean C. McNamara appeals the trial court's order denying his expunction request

relating to cause numbers 121073B, 121074B, and 121075B. On appeal, McNamara argues he

was placed on deferred adjudication and a final conviction was never entered on the offenses in

question. Because McNamara failed to prove the statutory requirements of Texas Code of

Criminal Procedure article 55.01(a), we affirm the trial court's order.

### BACKGROUND

On January 9, 1994, McNamara was charged with driving while intoxicated. McNamara

contends he was placed on deferred adjudication and successfully completed the same on June 10,

2004. On April 9, 1994, McNamara was arrested and charged with two counts of aggravated

sexual assault of a child and one count of indecency with a child by exposure. Pursuant to a plea

bargain, McNamara was placed on deferred adjudication for each charge. Although McNamara concedes he entered a plea of no contest to felony cause numbers B94-161 and B94-196, he contends that he was never convicted of or plead guilty to the misdemeanor DWI charge. He argues the DWI charge remained pending and was not referenced in the June 10, 1994 order.

On November 6, 2012, McNamara filed three petitions for expunction related to the following charges:

(1)     Cause number 121073B, Aggravated Sexual Assault of a Child, corresponding criminal cause number B94-161;
(2)     Cause number 121074B, Indecency with a Child, corresponding criminal cause number B94-196; and
(3)     Cause number 121075B, Driving While Intoxicated, corresponding criminal cause number CR940112.

DPS filed an answer and general denial opposing the expunction on January 4, 2013. *See Tex. Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 526 (Tex. App.—San Antonio 1997, no writ) (explaining that once the State has filed a general denial, all facts in a petition for expunction are not evidence and are placed at issue).

On January 7, 2013, McNamara appeared telephonically before the trial court. McNamara testified that in 1994, the trial court clearly stated McNamara was being placed on deferred adjudication and that any findings of guilt would be deferred in accordance with article 42.12 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3(a). McNamara further argued the no contest plea provided that upon successful completion of his probation, McNamara would be discharged and proceedings against him would be dismissed. McNamara contended that because he successfully completed his probation, he is entitled to an expunction.

On January 15, 2013, the trial court denied McNamara's petition on each of the requested charges.

## STANDARD OF REVIEW

An appellate court reviews a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex Parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). However, "[t]o the extent a ruling on expunction turns on a question of law, we review the ruling de novo because '[a] trial court has no "discretion" in determining what the law is or applying the law to the facts.'" *Id.* (second alteration in original) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). Statutory construction is a question of law. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008); *City of San Antonio v. Caruso*, 350 S.W.3d 247, 250 (Tex. App.—San Antonio 2011, pet. denied).

When construing statutory language, our primary objective is to "ascertain and give effect to the Legislature's intent." *Hughes*, 246 S.W.3d at 625; *Caruso*, 350 S.W.3d at 250; *see also* TEX. GOV'T CODE ANN. § 312.005 (West 2013). "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." TEX. GOV'T CODE ANN. § 311.011(b); *see Hughes*, 246 S.W.3d at 625. "Otherwise, we construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." *Hughes*, 246 S.W.3d at 625–26 (citations omitted); *accord Caruso*, 350 S.W.3d at 250. In construing the statutory language, we read the statute as a whole and interpret it so as to give effect to every part, and we presume the legislature intended a just and reasonable result. *See* TEX. GOV'T CODE ANN. § 311.021; *Caruso*, 350 S.W.3d at 250.

## EXPUNCTION STATUTE

McNamara argues the specific language relevant at the time he entered his no contest plea allowed for a later expunction. McNamara asserts the deferred status was a matter of "judicial clemency" within the trial court's sole discretion.

The Texas Department of Public Safety (DPS) counters that McNamara was not entitled to expunction because he failed to prove he was neither convicted nor placed on court-ordered community supervision for the offenses in question. DPS further argues McNamara presented no evidence at the hearing demonstrating his entitlement to an expunction. To the contrary, DPS contends McNamara's testimony that he was placed on community supervision for some of the offenses negates his claims for expunction. We agree.

## A.      Expunction: Texas Code of Criminal Procedure Article 55.01

Although provided for in the Texas Code of Criminal Procedure, "[a]n expunction proceeding is civil rather than criminal in nature." *Ex parte Green*, 373 S.W.3d at 113 (citing *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)); *see* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2013) ("Right to Expunction"). Expunction is a statutory privilege, not a constitutional or common-law right; therefore, the petitioner is not entitled to the expunction remedy unless he establishes that all of the statutory requirements of article 55.01 were satisfied. *See Ex Parte Green*, 373 S.W.3d at 113; *T.C.R. v. Bell Cnty. Dist. Attorney's Office*, 305 S.W.3d 661, 663 (Tex. App.—Austin 2009, no pet.); *J.H.J.*, 274 S.W.3d at 806. Each statutory provision is mandatory and a petitioner is entitled to expunction only upon a showing that each and every statutory condition has been met. *J.H.J.*, 274 S.W.3d at 806. "The trial court must strictly comply with the statutory requirements, and it has no equitable power to expand the remedy's availability beyond what the legislature has provided." *T.C.R.*, 305 S.W.3d at 663–64; *accord J.H.J.*, 274 S.W.3d at 806. Conversely, if the petitioner satisfies his burden under article 55.01(a), the trial court must grant the expunction petition. *T.C.R.*, 305 S.W.3d at 664.

The relevant portion of article 55.01 of the Texas Code of Criminal Procedure provides as follows:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court-ordered community supervision* under Article 42.12 for the offense, unless the offense is a Class C misdemeanor . . . .

TEX. CODE CRIM. PROC. ANN. art. 55.01 (emphasis added).

## B.     Analysis

Here, McNamara contends he was entitled to an expunction of his arrests for driving while intoxicated, aggravated sexual assault of a child, and indecency with a child. We address each separately.

### 1.     Driving While Intoxicated

McNamara argues the State failed to produce any documents showing he pled guilty or received "any sort of sentence on the Class B Misdemeanor." But McNamara, not the State, bore the burden to prove his entitlement to the expunction. *See Ex Parte Green*, 373 S.W.3d at 113; *T.C.R.*, 305 S.W.3d at 663; *J.H.J.*, 274 S.W.3d at 806. Further, the court documents attached to McNamara's petition are not the documents associated with the DWI. At the hearing, the State proffered that McNamara pled guilty to the offense. McNamara concedes the same in his petition for expunction. Outside of the pleadings, McNamara presented no evidence at the hearing regarding his DWI arrest.

The record shows that McNamara pled guilty to the offense and served some form of community supervision. McNamara, however, failed to provide any documentation that he was acquitted or released from the charge. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1), (2). Beyond the allegations within the petition, there is simply no evidence regarding the DWI, cause

number 121075B (criminal cause number CR940112). Consequently, McNamara failed to satisfy his burden under article 55.01 with regard to expunction of the DWI offense. *Id.*

> 2.     *Aggravated Sexual Assault of a Child and Indecency with a Child*

Contrary to McNamara's claims of entitlement to an expunction on the felony charges, both the records before the court and McNamara's testimony at the hearing show McNamara was placed on deferred adjudication supervision for these offenses. Specifically, the trial court inquired as follows:

> The Court:     Mr. McNamara, were you on probation for these offenses?
>
> McNamara:     Yes, sir.
>
> The Court:     You were under supervision of the department, the community supervision department?
>
> McNamara:     Yes, I was.

McNamara contends he is entitled to expunction because the case was dismissed after he successfully completed his probation. We disagree.

The plain language of article 55.01(a)(2) clearly requires a court to expunge all records and files relating to the arrest when there has been not final conviction and "there was no court-ordered community supervision." *Id.* The bar to expunction remains even if the deferred-adjudication community supervision has been completed and consequent dismissal obtained. *Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991).

In his testimony to the trial court, McNamara admitted he served a term of deferred adjudication. This was a deliberate, clear, and unequivocal judicial admission before the court. *See Hennigan v. I.P. Petroleum Co., Inc.*, 858 S.W.2d 371, 372 (Tex. 1993); *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980); *Tschirhart v. Tschirhart*, 876

S.W.2d 507, 508 (Tex. App.—Austin 1994, no writ) (holding court may take judicial notice of filed pleadings when supported by testimony, other proof, or admissions by the other party).

DPS, in its answer, attached a copy of McNamara's Deferred Adjudication Judgment that resulted from his no contest plea. *See Tex. Dep't of Pub. Safety v. Butler*, 941 S.W.2d 318, 321 (Tex. App.—Corpus Christi, no writ) ("Deferred adjudication probation constitutes a 'court ordered probation' for purposes of article 55.01(a)(2)(B), and therefore renders the defendant ineligible for expunction of his records."); *accord State v. Knight*, 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ) (holding "court ordered probation" encompasses deferred-adjudication community supervision). Thus, the face of the record reveals that McNamara served a term of community supervision under article 42.12 of the Code of Criminal Procedure, and McNamara failed to establish that he meets all of the statutory requirements for an expunction of the aggravated sexual assault and indecency with a child under article 55.01. *See* TEX. CODE CRIM. PROC. ANN. arts. 42.12 § 5, 55.01(a)(2).

Because McNamara failed to show that all of the statutory requirements had been met with regard to the challenged charges, he was unable to prove his entitlement to an expunction of these records. Accordingly, we overrule his first issue.

### DPS'S LATE FILED RESPONSE

McNamara next contends the trial court violated his due process rights by allowing and considering DPS's argument, answer, and general denial filed only one business day before the expunction hearing. McNamara further argues he was not served with the answer. DPS counters the answer was timely filed and served. Even assuming improper service, DPS contends McNamara's failure to object at the hearing waived his right to complain on appeal.

To preserve a complaint for appellate review, a party must make a timely request, objection, or motion in the trial court with sufficient specificity to make the court aware of the

complaint, objection, or motion, and obtain an adverse ruling. TEX. R. APP. P. 33.1; *see also Finley v. May*, 154 S.W.3d 196, 200 (Tex. App.—Austin 2004, no pet.). McNamara waived error by failing to object that DPS's answer was untimely.

Furthermore, even if DPS's answer was untimely, the error is harmless. The burden to establish his entitlement to expunction rested solely with McNamara. *See Ex Parte Green*, 373 S.W.3d at 113; *T.C.R.*, 305 S.W.3d at 663; *J.H.J.*, 274 S.W.3d at 806. DPS bore no burden of production. Based on the evidence presented, the trial court was required to make a determination under article 55.01. TEX. CODE CRIM. PROC. ANN. art. 55.01. Even when an agency does not answer or appear at the expunction hearing, the court must still resolve "whether the petitioner has satisfied the statutory requirements [under article 55.01]." *Tex. Dep't. of Pub. Safety v. Moran*, 949 S.W.2d 523, 525 (Tex. App.—San Antonio 1997, no writ) (rejecting argument that DPS's failure to appear resulted in a default judgment). As we stated above, McNamara failed to meet his burden and we therefore overrule his second issue.

## CONCLUSION

Because McNamara failed to establish his right to expunction under article 55.01 of the Texas Code of Criminal Procedure, we affirm the trial court's order.

Patricia O. Alvarez, Justice