Judy C. Parker, Justice
Appellants, the City of Amarillo and Terry L. Childers, in his official capacity as interim city manager,[1] appeal the trial court's denial of their plea to the jurisdiction. The plea was directed to claims brought by appellees, Nathan Sloan Nurek and Michael Brandon Stennett, alleging that positions within the Amarillo Fire Marshal's Office (hereinafter, "FMO") should be classified as civil service positions subject to the Civil Service Act,[2] and that appellees, who are firefighters employed by the Amarillo Fire Department, were improperly bypassed when they should have been promoted to positions *432 within the FMO. We will reverse in part the trial court's order denying the plea.
Factual and Procedural Background
The City is a home-rule city under Texas state law. In the 1940s, Amarillo voters adopted the Civil Service Act making it the governing law that dictates how civil service positions are handled within Amarillo. Firefighter jobs are classified civil service positions under the Act. However, the City has classified only firefighters within the Fire Suppression Department of the Amarillo Fire Department as being within the firefighter civil service positions. Positions within the FMO, however, have not been classified and are not treated as subject to the Act. As such, employees of the FMO are covered by the City's Personnel Rules and are hired and promoted in accordance with rules adopted by the Amarillo Civil Service Commission.
Nurek had passed a promotional exam for the rank of lieutenant and had the highest grade on the lieutenant promotional eligibility list when a vacancy in the Investigator/Inspector I position in the FMO became available. Likewise, Stennett had passed a promotional exam for the rank of captain and had the highest grade on the captain promotional eligibility list when a vacancy in the Investigator/Inspector II position in the FMO became available. Appellees contend that the FMO position of Investigator/Inspector I is a position of equivalent rank to lieutenant, and that the position of Investigator/Inspector II is a position of equivalent rank to captain.
After appellees were not offered promotions to the vacant positions of Investigator/Inspector I and Investigator/Inspector II, they filed suit seeking a declaration that the City's failure to classify firefighter positions within the FMO as civil service positions and to fill vacancies within the FMO in substantial compliance with the Civil Service Act is a breach of the appellants' ministerial duties; a declaration that the failure to promote Nurek and Stennett to the vacant positions within the FMO without issuing written bypass notices was a breach of the appellants' ministerial duties; injunctive relief requiring the appellants to classify all positions within the FMO as civil service positions and to fill those positions in substantial compliance with the Civil Service Act; injunctive relief to promote Nurek and Stennett to the positions of Investigator/Inspector I and Investigator/Inspector II, respectively; and an order that appellants pay Nurek and Stennett back pay in an amount equal to the difference between the compensation they would have earned had they been promoted to the vacant positions within the FMO and the amount that they earned in their fire suppression positions. By their pleading, appellees contend that immunity was waived by Texas Local Government Code section 180.006 and by the Uniform Declaratory Judgments Act. See TEX. LOC. GOV'T CODE ANN. § 180.006 (West 2016) ;[3] TEX. CIV. PRAC. & REM. CODE ANN. ch. 37 (West 2015). After filing an answer, appellants filed a plea to the jurisdiction alleging that the trial court does not have jurisdiction over appellees' claims. Appellees filed a response. The trial court held a hearing at which it accepted evidence and heard the arguments of the parties. Following this hearing, the trial court issued its order denying the City's and Childers's plea to the jurisdiction. From this order, appellants filed the instant interlocutory *433 appeal.[4]
Appellants present six issues by their appeal. By their first issue, appellants contend that the trial court lacks jurisdiction because of appellants' immunity from suit. By their second issue, appellants argue that appellees failed to exhaust available administrative remedies before bringing suit and, thus, the trial court is without jurisdiction. Appellants' third issue contends that the trial court does not have jurisdiction because appellees do not have standing to bring their suits. By their fourth issue, appellants contend that the trial court does not have jurisdiction because appellees failed to name a necessary party to their suit. Appellants' fifth issue contends that the Uniform Declaratory Judgments Act does not confer jurisdiction over appellees' claims for money damages. Finally, by their sixth issue, appellants contend that the trial court has no authority to grant the injunctive relief sought by appellees.
Standard of Review
Subject matter jurisdiction is essential to the authority of a court to decide a case. Tex. Ass'n of Bus. v. Tex. Air Control Bd. , 852 S.W.2d 440, 443 (Tex. 1993). The subject matter jurisdiction of a trial court may be challenged by a party filing a plea to the jurisdiction. Tex. Dep't of Transp. v. Jones , 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). "A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." Bland Indep. Sch. Dist. v. Blue , 34 S.W.3d 547, 554 (Tex. 2000).
We review the ruling of a trial court on a plea to the jurisdiction de novo because the existence of jurisdiction is a question of law. Tex. Dep't of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 226 (Tex. 2004). We start our review of the trial court's ruling on a plea to the jurisdiction with the live pleadings. Id. The allegations found in the pleadings may either affirmatively demonstrate or negate the trial court's jurisdiction. City of Waco v. Kirwan , 298 S.W.3d 618, 622 (Tex. 2009). "However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised...." Id. at 622 (citing Miranda , 133 S.W.3d at 227 ). The trial court can hold a hearing on a plea to the jurisdiction and may consider affidavits and other summary judgment-type evidence. FKM P'ship v. Bd. of Regents of Univ. of Houston Sys. , 255 S.W.3d 619, 628 (Tex. 2008). When receiving evidence at a hearing on a plea to the jurisdiction, the court takes as true all evidence favorable to the nonmovant and indulges every reasonable inference and resolves any doubts in the nonmovant's favor. City of Waco , 298 S.W.3d at 622. "If that evidence creates a fact issue as to the jurisdictional issue, then it is for the fact-finder to decide" and the court must deny the plea. Id. (citing Miranda , 133 S.W.3d at 227-28 ).
Immunity from Suit
By their first issue, appellants contend that the trial court lacked jurisdiction over appellees' suit because appellants have immunity from suit. Appellees contend that appellants' immunity is waived by the Uniform Declaratory Judgments Act for their *434 claims seeking a declaration that FMO positions should be classified within the civil service. Appellees also contend that immunity is waived by section 180.006 for their claims for money damages.
"Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages." Mission Consol. Indep. Sch. Dist. v. Garcia , 253 S.W.3d 653, 655 (Tex. 2008). Sovereign immunity protects the State, while governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivs.Prop./Cas. Joint Self-Ins. Fund , 212 S.W.3d 320, 324 (Tex. 2006). "Absent a valid statutory or constitutional waiver, trial courts lack subject-matter jurisdiction to adjudicate lawsuits against municipalities." Suarez v. City of Texas City , 465 S.W.3d 623, 631 (Tex. 2015).
Uniform Declaratory Judgments Act
Appellees contend that their claims seeking a declaration that the FMO positions are improperly classified outside of the civil service do not implicate appellants' immunity. Under the Uniform Declaratory Judgments Act, persons whose "rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2015). A declaratory judgment action brought against the government that seeks a declaration of a party's rights and status under a statute is not barred by sovereign immunity. Bell v. City of Grand Prairie , 221 S.W.3d 317, 324 (Tex. App.-Dallas 2007, no pet.) (op. on reh'g) (citing Tex. Nat. Res. Conservation Comm'n v. IT-Davy , 74 S.W.3d 849, 859-60 (Tex. 2002) ). However, sovereign immunity bars a declaratory judgment action seeking a declaration of the government's liability for money damages. Id. at 324-25. When the only injury alleged is in the past and the only plausible remedy is an award of money damages, the declaratory judgment claim is barred. Id. at 325 (citing City of Houston v. Williams , 216 S.W.3d 827, 829 (Tex. 2007) (per curiam)).
We conclude that appellees have pled sufficient facts to establish that the trial court has jurisdiction over their claim seeking a declaration that the City's failure to classify firefighter positions within the FMO as civil service positions and to fill vacancies within the FMO in substantial compliance with the Civil Service Act constitute a breach of appellants' ministerial duties. Likewise, we conclude that appellees have sufficiently pled facts establishing the trial court's jurisdiction to address appellees' claim seeking a declaration that appellants' failure to promote Nurek and Stennett to the vacant positions within the FMO without issuing written bypass notices are breaches of appellants' ministerial duties. We reach these conclusions because such prospective claims for declaratory relief are not barred by governmental immunity. See City of El Paso v. Heinrich , 284 S.W.3d 366, 368-69 (Tex. 2009) ; Bell , 221 S.W.3d at 324.
However, to the extent that appellees' claims seek a declaration that appellants are liable to Nurek and Stennett for back pay in an amount equal to the difference between the compensation they would have earned had they been promoted to the vacant positions within the FMO and the amount that they earned in their fire *435 suppression positions, we conclude that such a suit is for money damages and is barred by governmental immunity from suit absent the Legislature's consent to the suit. See Bell , 221 S.W.3d at 326 ; City of San Benito v. Ebarb , 88 S.W.3d 711, 723-24 (Tex. App.-Corpus Christi 2002, pet. denied).
Waiver of Immunity Under Section 180.006
Appellees contend that their claims for back pay have been specifically authorized by the Legislature in section 180.006. Section 180.006 authorizes a lawsuit by a firefighter covered by the Civil Service Act "who alleges the ... denial of monetary benefits associated with the recovery of back pay" under the Act. § 180.006(b). Appellants contend that appellees are not making a claim for back pay under the Act and that they failed to exhaust applicable administrative remedies before bringing suit. See § 180.006(e) (requiring exhaustion of applicable administrative remedies before seeking judicial review). Appellees contend that their claims for back pay arise under the Act because the Act defines what positions should be classified as civil service positions and, based on the Act's definition of firefighter, the FMO positions at issue should be classified within the civil service. Appellees also contend that no administrative remedies exist to remedy a city's failure to properly classify civil service positions.
"[S]overeign immunity, unless waived, protects the State of Texas, its agencies and its officials from lawsuits for damages, absent legislative consent to sue the State." Fed. Sign v. Tex. S. Univ. , 951 S.W.2d 401, 405 (Tex. 1997). Governmental immunity protects municipalities from lawsuits seeking money damages. Heinrich , 284 S.W.3d at 369. No statute should be construed in a manner that waives immunity absent clear and unambiguous language in the statute conveying such an intent. City of Galveston v. State , 217 S.W.3d 466, 469 (Tex. 2007).
Section 180.006 waives immunity "for claims to recover monetary benefits that are authorized by a provision of chapter 141, 142, or 143." City of San Antonio v. Caruso , 350 S.W.3d 247, 251 (Tex. App.-San Antonio 2011, pet. denied) (emphasis in original). To establish a trial court's subject matter jurisdiction over a claim for monetary benefits under section 180.006, a claimant must affirmatively plead facts demonstrating that its claim for monetary benefits is authorized by a provision of chapter 141, 142, or 143. See ids="7317813" index="26" url="https://cite.case.law/sw3d/350/247/#p251">id.
In the present case, appellees' pleadings have not cited to any provision of chapter 141, 142, or 143 authorizing their recovery of monetary benefits. Rather, appellees claim that appellants failed to properly classify FMO positions within the civil service based on the definition of "[f]ire fighter" contained within the Civil Service Act. See § 143.003(4) (West 2008). While appellees may prove to be right regarding appellants' erroneous classification of FMO positions outside of the civil service, it is clear that appellees have not affirmatively pled facts demonstrating that their claims for monetary benefits are authorized by a provision of the Civil Service Act. See Caruso , 350 S.W.3d at 251. As such, we conclude that appellees have not identified that the Legislature has given clear and unequivocal consent for appellees to bring their claims for back pay against appellants.
Appellees also contend that they can bring their present suit because appellants' failure to properly classify FMO positions within the civil service constitutes an ultra vires act. Appellants contend that appellees failed to allege facts sufficient to establish that Childers committed any acts *436 which could be considered ultra vires and that ultra vires actions cannot be brought against the governmental entity itself.
"[S]uits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity...." Heinrich , 284 S.W.3d at 372. This is so because a party seeking a declaration that a state official acted in a way that is contrary to legal or statutory authority is not bringing a suit against the state and, therefore, such an action does not implicate sovereign immunity. IT-Davy , 74 S.W.3d at 855. However, while the ultra vires doctrine does not implicate governmental immunity when suit is brought against a governmental official, governmental immunity does bar ultra vires actions brought against the governmental entity itself. Heinrich , 284 S.W.3d at 372-73.
A review of appellees' live pleading shows that their claims do not distinguish between the appellants when they claim that, "In failing to classify the 'fire fighter' positions within the FMO as civil service positions ..., Defendants have violated their ministerial duties under the Civil Service Act to classify all 'fire fighter' positions in the Amarillo Fire Department as civil service positions...." Thus, as pled, appellees' ultra vires claims against the City itself are barred by governmental immunity. See ids="7301546" index="31" url="https://cite.case.law/sw3d/284/366/#p368">id. As for appellees' ultra vires claims against Childers, we conclude that the above-quoted statement in appellees' petition is, of itself, insufficient to allege that Childers committed an ultra vires action. Notably, nothing in appellees' petition identifies under what specific authority Childers is made responsible for classification of civil service positions such that a court could conclude that his failure to classify FMO positions within the civil service constituted a violation of his ministerial duties. Xiangxiang Tang v. Wiegand , No. 01-15-00163-CV, 2016 WL 716540, at *, 2016 Tex. App. LEXIS 1829, at *6 (Tex. App.-Houston [1st Dist.] Feb. 23, 2016, no pet.) (mem. op.) ("A valid pleading must include averments of all facts upon which the right to recover depends."). The failure to allege enough jurisdictional facts to demonstrate the trial court's jurisdiction gives rise to a right to amend the pleadings unless the jurisdictional defect may not be cured by repleading. Clint Indep. Sch. Dist. v. Marquez , 487 S.W.3d 538, 559 (Tex. 2016).
For the foregoing reasons, we conclude that the trial court did not err in denying appellants' plea to the jurisdiction as it relates to appellees' prospective claims for declaratory relief. However, we conclude that the trial court did err in denying appellants' plea to the jurisdiction as it relates to appellees' claims for monetary damages under either the Uniform Declaratory Judgments Act or section 180.006. Further, we note that appellees' claims for ultra vires asserted against the City are barred but their ultra vires claims against Childers may be asserted if the pleading is amended to include sufficient facts to demonstrate the trial court's jurisdiction over this claim.
Exhaustion of Administrative Remedies
By their second issue, appellants contend that appellees failed to exhaust all applicable administrative remedies before filing suit in the trial court. If correct, appellees' failure to exhaust administrative remedies vitiates section 180.006 's waiver of governmental immunity. See § 180.006(e). Because we have determined that section 180.006 does not waive governmental immunity for appellees' claims for back pay, we need not address appellants' second issue. See TEX. R. APP. P. 47.1.
*437 Standing
By their third issue, appellants contend that appellees do not have standing to bring their suit because appellees have suffered no distinct injury and there exists no justiciable controversy between the parties. For a trial court to have subject matter jurisdiction over a claim, the plaintiffs' petition must establish that a live controversy exists between the parties, and the claims asserted are justiciable. See State Bar of Tex. v. Gomez , 891 S.W.2d 243, 245-46 (Tex. 1994).
Appellants contend that appellees do not have standing because they have pled no distinct injury or real controversy. Appellants correctly identify that the appellees must establish that they are personally aggrieved by the alleged wrong and that the controversy involves a real conflict of tangible interests and not just a theoretical dispute. Bonham State Bank v. Beadle , 907 S.W.2d 465, 467 (Tex. 1995). However, appellants' contention relates to the merits of appellees' claims, specifically whether FMO positions have a "substantial knowledge of firefighting" and, thus, should be classified within the civil service. We do not pass on the merits of the case on review of a plea to the jurisdiction. See Bexar Metro. Water Dist. v. City of Bulverde , 156 S.W.3d 79, 85 (Tex. App.-Austin 2004, pet. denied). Appellees allege that they were next in line for promotions to positions that became vacant in the FMO which, if the FMO was properly classified within the civil service, they would have been entitled to fill or be properly notified of being bypassed. According to appellees, because these positions are not properly classified, they were denied their rights under the Civil Service Act. As such, we conclude that appellees have pled sufficient facts to present a real controversy to the trial court.
Appellants also contend that appellees have failed to allege that appellants took any action that would give rise to their claims. Specifically, appellants contend that appellees have no standing because they have not identified any action by the City or Childers that deprived them of any purported right. We disagree with appellants' contention. Appellees pled that FMO positions fall within the definition of "Fire fighter" contained within the Civil Service Act, and that the "municipality's governing body" is responsible for properly classifying all firefighters that should be classified under the Act. §§ 143.003(4), .021(a) (West 2008). As such, at a minimum, appellees have raised a fact question regarding whether the City and/or Childers is the "municipality's governing body" and this fact question is sufficient to justify the trial court's denial of this component of appellants' plea to the jurisdiction.
For the foregoing reasons, we conclude that appellees have pled facts sufficient to establish that they were personally aggrieved by appellants' alleged failure to properly classify FMO positions and that their claims present a real conflict of tangible interests. See Beadle , 907 S.W.2d at 467. As such, we conclude that appellees have pled sufficient facts to establish their standing to bring the present suit.
Proper Parties
By their fourth issue, appellants contend that appellees' claims should be dismissed because they failed to timely name a necessary party to the suit, specifically the Amarillo Civil Service Commission. However, we note that joinder does not affect a trial court's subject matter jurisdiction. See Brooks v. Northglen Ass'n , 141 S.W.3d 158, 162 (Tex. 2004) (when parties are not joined, the question is whether the case should proceed absent the joinder of the parties and not whether *438 the court has jurisdiction). Thus, whether the Amarillo Civil Service Commission is a necessary party or should be joined in the interest of justice is an issue for the trial court to resolve and is not an appropriate issue for this Court to resolve in review of a ruling on a plea to the jurisdiction.
Money Damages in Declaratory Judgment Case
By their fifth issue, appellants contend that appellees may not recover money damages through their declaratory judgment claim. We have previously addressed appellees' right to pursue their claims for declaratory relief relating to prospective classification and treatment of FMO positions. However, sovereign immunity bars suits for declaratory judgment seeking declaration of the government's liability for money damages. Bell , 221 S.W.3d at 324-25 (citing IT-Davy , 74 S.W.3d at 859-60 ). While we view appellees' pleadings to seek back pay exclusively under section 180.006, to the extent that their declarations are seen to relate to past violations where the only plausible remedy would be a money judgment, we conclude that appellants retain their immunity from such claims. Id. at 325 (citing Williams , 216 S.W.3d at 829 ). Conversely, to the extent that appellees seek declarations that FMO positions should be classified within the civil service and that vacant positions should be filled in accordance with the provisions of the Civil Service Act, those claims are not barred by governmental immunity. Id. at 324.
Injunctive Relief
Finally, appellants contend that the trial court erred in failing to grant their plea to the jurisdiction on appellees' request for injunctive relief. Like the immediately preceding discussion, injunctive relief that seeks to require the governmental entity to pay damages for past violations is barred by governmental immunity. Id. at 324-25 (citing Williams , 216 S.W.3d at 829 ). However, when the requested injunction seeks only to require the governmental entity and its officials to follow the law in the future and does not seek money damages, it is not barred by governmental immunity. Id. at 324. As such, we conclude that the trial court did not err in denying appellants' plea to the jurisdiction as to appellees' requests for injunctions requiring appellants to classify FMO positions within the civil service or to promote appellees to the positions to which they claim to be entitled. However, the trial court should have granted the plea to the jurisdiction as to appellees' requests that the promotions be made retroactive.
Conclusion
For the foregoing reasons, we reverse the trial court's denial of appellants' plea to the jurisdiction as it relates to claims seeking retrospective monetary relief and dismiss these claims for want of jurisdiction. We remand the remainder of the case to the trial court for further proceedings consistent with this opinion.

We judicially notice that Jared Miller is the current city manager. As such, Miller is substituted as a party in his official capacity. Tex R. App. P. 7.2(a). However, as the parties have referred to Childers as interim city manager in their briefs, for purposes of consistency, we will do likewise.

See Tex. Loc. Gov't Code Ann. ch. 143 (West 2008 & West Supp. 2017) ("Municipal Civil Service for Firefighters and Police Officers").

Further reference to provisions of the Texas Local Government Code will be reference to "section ___" or "§ ___."

See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2017) (authorizing an interlocutory appeal of the granting or denial of a plea to the jurisdiction by a governmental unit).