

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00059-CV

**EX PARTE** James Kenneth **CURLL**

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CI08228
Honorable Richard Price, Judge Presiding

Opinion by:   Patricia O. Alvarez, Justice

Sitting:   Karen Angelini, Justice
  Rebeca C. Martinez, Justice
  Patricia O. Alvarez, Justice

Delivered and Filed:  March 28, 2018

REVERSED AND RENDERED

Appellant Texas Department of Public Safety appeals the trial court's grant of an expunction of James Kenneth Curll's arrest for assault bodily injury-married. Because Curll failed to prove the statutory requirements of Texas Code of Criminal Procedure article 55.01(a), we reverse the trial court's order granting the petition for expunction.

## FACTUAL BACKGROUND

On April 27, 2014, Curll was arrested for assault bodily injury-married and driving while intoxicated. On May 5, 2014, Curll was charged by information No. 457859 with assault bodily injury-married and by information No. 457860 with driving while intoxicated with blood alcohol content 0.15 or higher. On July 28, 2015, Curll entered a plea of no contest to driving while intoxicated and was sentenced to thirty-days confinement in the Bexar County Jail and a $600.00

fine. On the same day, the assault charge was dismissed pursuant to the State's motion asserting "a necessary and material witness is missing."

On May 13, 2016, Curll filed a petition to expunge the records associated with the assault charge. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West 2018). In his petition, Curll averred that he was arrested and charged by complaint with assault bodily injury-married, but he was "released from custody and no final conviction resulted nor are charges pending inasmuch as all charges were dismissed on July 28, 2015." On June 17, 2016, the Department filed an answer denying that Curll was entitled to an expunction because Curll was convicted of the driving while intoxicated as a result of the arrest. The trial court granted the petition on August 4, 2016, and this appeal ensued.

## RESTRICTED APPEAL

A restricted appeal is limited to cases in which a party can show (1) "[the party] filed notice of the restricted appeal within six months after the judgment was signed," (2) "[the party] was a party to the underlying lawsuit," (3) "[the party] did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law," and (4) "error is apparent on the face of the record." *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); TEX. R. APP. P. 26.1(c), 30. For purposes of a restricted appeal, "[t]he face of the record . . . consists of all the papers on file in the appeal, including the [reporter's record]." *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Flores v. Brimex Ltd. P'ship*, 5 S.W.3d 816, 819 (Tex. App.—San Antonio 1999, no pet.).

### A.    Filed within Six Months

Here, the Order of Expunction was signed by the trial court on August 4, 2016, and the Department filed its notice of restricted appeal on February 3, 2017. *See* TEX. R. APP. P. 26.1(c).

Accordingly, the Department met the first requirement for raising a restricted appeal. *See* TEX. R. APP. P. 30; *Tex. Dep't of Pub. Safety v. Foster*, 398 S.W.3d 887, 890 (Tex. App.—Dallas 2013, no pet.).

**B.       Party to the Underlying Action**

The Department must also show that it was a party to the underlying action and that it did not participate in the hearing that resulted in the judgment complained of, and "did not timely file a postjudgment motion or request for findings of fact and conclusions of law." *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

"[A]n agency protesting the expunction may appeal the court's decision in the same manner as in other civil cases." TEX. CODE CRIM. PROC. ANN. art. 55.02, § 3(a); *accord Tex. Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.)). "All law enforcement agencies [including the Texas Department of Public Safety] that may have records a petitioner wants expunged are entitled to be represented by counsel at an expunction hearing." *Foster*, 398 S.W.3d at 890 (citing TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c–1); *accord Jacobs*, 250 S.W.3d at 210.

Curll's petition was filed on May 13, 2016. The Department filed an answer on June 17, 2016. Although the District Attorney's office agreed to the expunction, the Department did not file any such waiver. The Department was a party, but it did not participate in person or through counsel at the hearing or file any post-judgment motions. The Department thus fulfilled the requirement set forth in Rule 30. *See* TEX. R. APP. P. 30; *Foster*, 398 S.W.3d at 890.

Because the Department timely filed its notice of appeal, and met the requirement for raising a restricted appeal, we turn to whether error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Foster*, 398 S.W.3d at 890.

**PETITION FOR EXPUNCTION**

**A.      Standard of Review**

An appellate court usually reviews a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). However, "[t]o the extent a ruling on expunction turns on a question of law, we review the ruling de novo because '[a] trial court has no "discretion" in determining what the law is or applying the law to the facts.'" *Id.* (second alteration in original) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). Statutory construction is a question of law. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008); *City of San Antonio v. Caruso*, 350 S.W.3d 247, 250 (Tex. App.—San Antonio 2011, pet. denied).

When construing statutory language, our primary objective is to "ascertain and give effect to the Legislature's intent." *Caruso*, 350 S.W.3d at 250; *accord Hughes*, 246 S.W.3d at 625. "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." TEX. GOV'T CODE ANN. § 311.011(b) (West 2013); *accord Hughes*, 246 S.W.3d at 625. "Otherwise, we construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." *Hughes*, 246 S.W.3d at 625–26 (citations omitted); *accord Caruso*, 350 S.W.3d at 250. In construing the statutory language, we read the statute as a whole and interpret it so as to give effect to every part, and we presume the legislature intended a just and reasonable result. *See* TEX. GOV'T CODE ANN. § 311.021; *Caruso*, 350 S.W.3d at 250.

**B.      Texas Code of Criminal Procedure Article 55.01**

Although provided for in the Texas Code of Criminal Procedure, "[a]n expunction proceeding is civil rather than criminal in nature." *Ex parte Green*, 373 S.W.3d at 113 (citing *Tex.*

*Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). Expunction is a statutory privilege, not a constitutional or common-law right; therefore, Curll is not entitled to the expunction remedy absent proof he met all the requirements set forth in article 55.01. *See Ex parte Green*, 373 S.W.3d at 113; *T.C.R. v. Bell Cnty. Dist. Attorney's Office*, 305 S.W.3d 661, 663 (Tex. App.—Austin 2009, no pet.); *J.H.J.*, 274 S.W.3d at 806. Each statutory provision is mandatory and a petitioner is entitled to expunction only upon a showing that each and every statutory condition has been met. *J.H.J.*, 274 S.W.3d at 806. "The trial court must strictly comply with the statutory requirements, and it has no equitable power to expand the remedy's availability beyond what the legislature has provided." *T.C.R.*, 305 S.W.3d at 663; *accord J.H.J.*, 274 S.W.3d at 806.

Article 55.01 of the Texas Code of Criminal Procedure sets forth the requirements and procedures to expunge an individual's criminal record. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01. Curll alleged in his petition that he was entitled to expunction of his assault charge because he was arrested, released, and never convicted of the offense. Therefore, to prevail on his petition, he was required to prove the following:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under [Article 42.12] for the offense, unless the offense is a Class C misdemeanor. . . .

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *accord J.H.J.*, 274 S.W.3d at 806.

## D. Analysis

Curll's charges for DWI and assault stem from the same arrest. The record contains a copy of the judgment whereby Curll entered a plea on the DWI offense and was sentenced to thirty-

days' confinement in the Bexar County Jail and a fine of $600.00. The record also contains a copy of the State's motion to dismiss, filed on July 28, 2015, requesting the assault-bodily injury-married charge be dismissed because "a necessary and material witness is missing."

In its first issue, the Department contends the trial court erred in granting Curll's petition because he did not meet the statutory requirements to have "all records and files relating to [his] 'arrest' expunged." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). The Department argues the statute is arrest-based and does not allow records of each individual offense for which a defendant is arrested to be expunged. Because Curll was placed on court-ordered community supervision for one of the offenses for which he was arrested, the Department contends Curll is not entitled to have records and files relating to the arrest expunged.

In *Texas Department of Public Safety v. Ryerson*, No. 04–16–00276–CV, 2016 WL 7445063, at *2–3 (Tex. App.—San Antonio Dec. 28, 2016, pet. filed) (mem. op.), this court reiterated that the expunction statute is arrest-based. More specifically, we held that the facts of the cases "have no effect on the application of the expunction statute. It is a bright line rule." *Id.* at *3. Curll was convicted and confined for the DWI charge, one of the offenses for which he was arrested at the same time that he was arrested on the assault charge. The Department thus argues Curll is not entitled to have "all records and files relating to the arrest expunged" as to any of the offenses with which he was charged stemming from the same arrest as the DWI. *See id.* at *2–3. We agree.

Because the right to an expunction is rooted in the arrest, and not the offense, Curll failed to prove his entitlement to expunction on the misdemeanor charge of assault bodily injury-married. The trial court erred in granting his petition for expunction of the corresponding records and files. *See Ex parte Green*, 373 S.W.3d at 113; *J.H.J.*, 274 S.W.3d at 806.

**CONCLUSION**

Article 55.01 of the Texas Code of Criminal Procedure does not make allowances for the expunction of individual offenses stemming from the same arrest. Thus, the record does not support Curll's assertion that he was entitled to expunction of the records pertaining to the assault charge and the trial court erred in granting the petition for expunction. Accordingly, we reverse the trial court's order and render judgment denying Appellee James Kenneth Curll's petition for expunction.

Patricia O. Alvarez, Justice