

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00279-CV

---

WARREN KENNETH PAXTON, JR., IN HIS OFFICIAL CAPACITY
AS THE ATTORNEY GENERAL OF TEXAS, APPELLANT

V.

DOLCEFINO COMMUNICATIONS, LLC D/B/A
DOLCEFINO CONSULTING, APPELLEE

---

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2018-528,740, Honorable Paul Davis, Presiding

---

September 30, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Warren Kenneth Paxton, Jr., in his official capacity as the Attorney General of Texas, appellant, appeals from the denial of his plea challenging the trial court's jurisdiction to hear claims brought by appellee Dolcefino Communications, LLC, d/b/a Dolcefino Consulting.  We reverse and remand.

Background

In late 2017, Dolcefino began requesting information from Texas Tech University and the Texas Tech Athletic Fund under the Texas Public Information Act ("TPIA"). Dolcefino's requests were related to Texas Tech University's 2009 firing of its football coach, Mike Leach. When not all of the requested documents were produced, Dolcefino filed suit against Texas Tech in early 2018 seeking mandamus to compel access to the information. Dolcefino also filed a complaint with the Attorney General claiming that the cost estimates provided by the University were excessive. *See* TEX. GOV'T CODE ANN. § 552.269(a).

After a few months passed without a determination from the Attorney General as to whether the cost estimates were appropriate, Dolcefino amended the underlying lawsuit to add claims against the Attorney General challenging the constitutionality of the TPIA. Dolcefino sought a declaration that the TPIA violates Dolcefino's right to procedural due process by failing to (1) provide a deadline for the Attorney General to issue a determination as to whether a governmental body has overcharged a requestor, (2) provide judicial review of the Attorney General's determination as to whether a governmental body has overcharged a requestor, and (3) forbid the Attorney General from representing a governmental body in a legal proceeding with a requestor when the legal proceeding is, at least in part, regarding whether the governmental body has overcharged the requestor for access to public information.

In response, the Attorney General filed a plea to the jurisdiction. He asserted that Dolcefino's constitutional claims were not viable because Dolcefino had no

2

constitutionally protected liberty or property interest on which to base a due process claim. As such, the Attorney General urged, sovereign immunity barred Dolcefino's claims against him.

The trial court granted the Attorney General's plea as to Dolcefino's third complaint, regarding the Attorney General's representation of the University. However, the trial court ruled that Dolcefino had stated a facially valid constitutional claim as to the TPIA's lack of a deadline for the Attorney General's determination and lack of judicial review of that determination. The Attorney General's plea to the jurisdiction was thus denied as to those claims. The Attorney General brought this interlocutory appeal appealing that part of the trial court's order denying his plea to the jurisdiction.

Standard of Review

Sovereign immunity implicates a trial court's jurisdiction; when it applies, it precludes suit against a governmental entity. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Sovereign immunity is inapplicable in suits that challenge the constitutionality of a statute and seek only equitable relief. *See Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 & n.3 (Tex. 2011) (per curiam); *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007) (per curiam). However, this immunity is waived only to the extent the plaintiff pleads a viable constitutional claim. *See Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015).

A plea to the jurisdiction challenges the trial court's jurisdiction to hear the subject matter of the cause of action. *Timmons v. Univ. Med. Ctr.*, 331 S.W.3d 840, 843 (Tex. App.—Amarillo 2011, no pet.) (citing *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex.

3

2004)).  Because the existence of jurisdiction is a question of law, we review the denial of a plea to the jurisdiction de novo.  *See City of Amarillo v. Nurek*, 546 S.W.3d 428, 433 (Tex. App.—Amarillo 2018, no pet.).

Analysis

In his single issue on appeal, the Attorney General asserts that the trial court erroneously denied his plea to the jurisdiction because Dolcefino lacks a constitutionally protected liberty or property interest on which it could base its procedural due process claim.

Under the Texas Constitution's due course clause, "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities . . . except by the due course of law of the land."  TEX. CONST. art. I, § 19.  To bring a due process claim, the plaintiff must have a liberty or property interest that is protected by the Constitution.  *See Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 61 (Tex. 2018); *Concerned Cmty. Involved Dev., Inc. v. City of Houston*, 209 S.W.3d 666, 671 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("The Due Process Clause is only activated when there is some substantial liberty or property interest which is deserving of procedural protections.").  If a plaintiff fails to assert a protected interest, the trial court lacks jurisdiction over the suit.  *See NCAA v. Yeo*, 171 S.W.3d 863, 870 (Tex. 2005).

Here, Dolcefino contends that it has a liberty interest or, alternatively, a property interest in obtaining the public information it seeks under the TPIA.  Dolcefino's live petition alleges that "[t]he Attorney General's failure to respond to Plaintiff's complaint has functionally deprived Plaintiff of its right to access the requested public information."

4

Specifically, Dolcefino claims that the TPIA violates its right to procedural due process as guaranteed by the Texas Constitution by (1) failing to provide a deadline for the Attorney General to issue a determination as to whether a governmental body has overcharged a requestor, and (2) failing to provide judicial review of the Attorney General's determination as to whether a governmental body has overcharged a requestor.

We thus turn to the question of whether Dolcefino's pleadings allege a deprivation of a constitutionally protected interest sufficient to support its procedural due process claim.

In support of its argument, Dolcefino asserts that Texas courts have recognized a broad common-law right of access to government records since long before the TPIA was enacted. *See, e.g., Palacios v. Corbett*, 172 S.W. 777, 782 (Tex. Civ. App.—San Antonio 1915, writ ref'd) (recognizing common law right of inspection of county's financial records). The right of access to public information was codified in the Texas Open Records Act, which was later amended and retitled as the Texas Public Information Act. *See* TEX. GOV'T CODE ANN. §§ 552.001-.353. The TPIA declares that it is the policy of the State of Texas that "each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees." TEX. GOV'T CODE ANN. § 552.001(a). Dolcefino maintains that the liberty or property right at issue is "the longstanding, fundamental right of Texas citizens to obtain information about their government."

While Dolcefino's argument is compelling, it misses the mark. Dolcefino's pleadings do not present complaints regarding a general inability to "obtain information."

Rather, the thrust of Dolcefino's complaint is more precisely its inability to obtain information under certain terms, namely (1) within a definite timeframe following a cost review and (2) with the option for judicial review of the cost determination.

The TPIA's parameters and application have been defined by the legislature. It was the legislature's choice whether to provide a timeline for the Attorney General's response to a cost dispute and whether to provide for judicial review of the Attorney General's decision. The legislature chose not to incorporate those provisions into the TPIA. Although Dolcefino may well have rights to information under the TPIA that are entitled to constitutional protection, it has not shown that it has a vested property interest or a liberty interest in having the Attorney General resolve a cost dispute within a certain timeframe or in procuring judicial review of the Attorney General's cost dispute resolution. *See, e.g., Jackson v. Port Arthur Indep. Sch. Dist.*, No. 09-15-00227-CV, 2017 Tex. App. LEXIS 3527, at *10 (Tex. App.—Beaumont Apr. 20, 2017, no pet.) (mem. op.) (affirming dismissal of plaintiff's case where plaintiff failed to prove that she had a vested property interest in a particular job in suit alleging that school district did not provide her with due process regarding her reassignment and reclassification).

Before any due process rights attach, Dolcefino must have a liberty or property interest that is entitled to constitutional protection. *Klumb*, 458 S.W.3d at 15; *see also Spring Branch Indep. Sch. Dist. v. Stamos*, 695 S.W.2d 556, 560 (Tex. 1985) (the "strictures of due process apply only to the threatened deprivation of liberty and property interests deserving the protection of the federal and state constitutions."). Because Dolcefino has not shown that it has such a liberty or property interest, Dolcefino's allegations do not affirmatively demonstrate that the trial court has jurisdiction over the

6

suit.  *See NCAA*, 171 S.W.3d at 870 (trial court lacks jurisdiction if plaintiff fails to assert a protected interest).

When a plaintiff's pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be allowed the opportunity to amend.  *Miranda*, 133 S.W.3d at 226-27.  However, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend and replead.  *Id.* at 227.  After liberally construing Dolcefino's pleadings in its favor, we conclude that the pleadings do not affirmatively demonstrate incurable defects in jurisdiction.  Therefore, Dolcefino should be afforded an opportunity to amend its pleadings as to these claims.

## Conclusion

Dolcefino has failed to allege facts supporting the existence of a constitutionally protected interest in having access to government records on terms other than those provided under the TPIA.  We reverse the trial court's order denying the Attorney General's plea to the jurisdiction and remand this case to allow Dolcefino to amend its pleadings.

Judy C. Parker
Justice